1  Susan M. Benson, Esq. (SBN: 146837)   (SPACE BELOW FOR FILING STAMP ONLY)
   **BENSON LEGAL, APC**
2  8550 BALBOA BOULEVARD, SUITE 290
   NORTHRIDGE, CALIFORNIA 91325
3  PHN (818) 708-1250
   FAX (818) 708-1444
4  File No. N22031
   SERVICE EMAIL: E-Service@Bensonlegal.net

5

6  ATTORNEY FOR: PLAINTIFF, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11  NATIONWIDE AGRIBUSINESS                )
12  INSURANCE COMPANY;                     ) Case No:
            Plaintiff,                     )
13                                         )
                                           ) **COMPLAINT FOR MONEY DAMAGES**
14        vs.                              ) **UNDER THE FEDERAL TORT CLAIM**
                                           ) **ACTS**
15  UNITED STATES OF AMERICA;              )
    Does I through V, inclusive,           )
16          Defendant.                     ) **AMOUNT OF DEMAND:**
                                           )
17                                         ) $28,729.76
                                           )
18                                         )

19  _____

20
    PLAINTIFF ALLEGES AS FOLLOWS:
21

22
                    FIRST CAUSE OF ACTION
23
       1.    That at all times mentioned herein and material hereto, Plaintiff was and is a
24
    corporation, entered, authorized and licensed to do, and is doing business in the State of
25
    California as an insurance company.
26

27

28

1

COMPLAINT

2. That at all times mentioned herein and material hereto, Defendant United States of America, is a governmental entity for which this court requires jurisdiction of the subject matter.

3. The claims herein are brought against the Defendants pursuant to Federal Tort Claims Act 28 U.S.C. 2671 et seq. and 28 U.S.C. 1346(b) for money damages as compensation for property damages caused by the negligent acts of their employee and agent Officer Russel Hurley of the Hoopa Tribal Police Department within the course and scope of his employment.

4. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does I through V, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this complaint to show their names and capacities when same have been ascertained.

5. At all times mentioned herein and material hereto, Defendants Does I through V, were the agents, servants, and employees of the named Defendants, and were acting within the course and scope of their authority as such agents, servants, and employees and with the permission and consent of the named Defendants.

6. At all times mentioned herein and material hereto, Plaintiff provided insurance coverage inclusive of liability, indemnity and property damage coverage to its insured, Gary Nicholson, insuring his 1998 John Deere tractor (hereinafter "INSURED PROPERTY").

7. Plaintiff has complied with the provisions of 28 U.S.C. 2675 of the Federal Tort Claims Act in that a claim was presented to the appropriate federal agency of Defendants on or about October 29, 2020, of which no formal rejection/denial was received.

8. At all times mentioned herein and material hereto, the United States of America, Department of the Interior, Bureau of Indian Affairs, Hoopa Valley Tribe, Hoopa Valley Tribal Police and Officer Russel Hurley are, and at all times relevant to this lawsuit was, an agency of the United States Executive Branch, organized and existing under the laws of the United States of America and the United States Constitution.

COMPLAINT

9. At all times mentioned herein and material hereto, Hoopa Valley Tribal Officer Russel Hurley was an agent and employee of Defendant United States of America and was acting with the course and scope of said agency and/or employment at the time that the incident as described hereinbelow occurred.

10. That on or about July 2, 2019, Officer Russel Hurley was involved in a three-vehicle collision while driving a 2016 Ford Explorer with California license plate 1491729, at and about State Route 299 in an unincorporated city in Humboldt County, California.

11. That on said date and at said location, Officer Hurley negligently operated the above-listed vehicle by traveling too fast for traffic conditions, which resulted in Officer Hurley's vehicle colliding into the rear of another vehicle being driven by Trang Nguyen. This collision caused Trang Nguyen's vehicle to then collide with the INSURED PROPERTY, which was being driven and operated by Plaintiff's Insured Gary Nicholson. On information and belief, Officer Hurley's vehicle also collided with the INSURED PROPERTY after colliding with Trang Nguyen's vehicle.

12. Defendants, their agents and employees and each of them owed a duty to Plaintiff's Insured to operate, own, control, maintain, and entrust their vehicle in a reasonably prudent manner so as not to cause harm and injuries to the person and property of others.

13. That on or about July 2, 2019, Defendants, their agents and employees and each of them breached their duty when they negligently operated, owned, controlled, maintained, and entrusted their vehicle in such a way that it resulted in an automobile collision that proximately causing the damages to the INSURED PROPERTY as hereinafter described. In particular, Plaintiff alleges that Officer Hurley was negligent for traveling at an unsafe speed for traffic conditions in violation of California Vehicle Code Section 22350.

14. That as a direct and proximate result of said negligence and carelessness, the INSURED PROPERTY was damaged in the total sum of $28,729.76.

15. That prior to the aforementioned date, Plaintiff issued to said Insured its policy of insurance, and did, pursuant to the terms and conditions of said policy, pay to said Insured,

the sum hereinabove stated (less the deductible); and did thereby become subrogated to all of the rights of said Insured against the Defendants and each of them, to the extent of said rights, including assignment of the Insured's deductible.

16. Defendants and each of them knew or had reason to know their conduct caused the damages to the INSURED PROPERTY on the date of loss. Defendants failed to pay Plaintiff the full amount of the damages sustained by its insured.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them, as follows:

1. For property damages in the sum of $28,729.76;
2. For costs of suit incurred herein;
3. For interest at the legal rate from July 02, 2019;
4. For such other and further relief as this Court deems just and proper.

DATED: September 26, 2022

*(signature)*
By: SUSAN M. BENSON, ESQ.
**BENSON LEGAL, APC**
ATTORNEY FOR PLAINTIFF